IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TEAMSTERS LOCAL No. 355
A/W INTERNATIONAL BROTHERHOOD
OF TEAMSTERS     *

v.     *     Civil No. CCB-18-1410

SYSCO BALTIMORE, LLC     *

## MEMORANDUM

Currently pending before the court is a motion to dismiss filed by defendant Sysco Baltimore, LLC ("Sysco"). For the reasons outlined below, Sysco's motion to dismiss will be granted. Teamsters Local No. 355 ("Teamsters") will, however, be granted leave to amend. The issues have been briefed and no oral argument is necessary. *See* Local Rules 105.6 (D. Md. 2018).

## BACKGROUND

Teamsters, an unincorporated labor organization, represents Sysco employees. (Compl. ¶ 3). Sysco "sells and distributes food and food-related products." (*Id.* ¶ 4). During the spring of 2016, Sysco implemented a Distracted Driving and Electronics Policy (the "Policy"), which prohibited employees from using cell phones while operating company vehicles. (*Id.*, Ex. 2 ["Arbitration Decision"] at 2–4, ECF No. 1-2). The Policy explicitly stated that employees who violated the Policy would "be terminated as permissible under applicable law." (Arbitration Decision at 4).

On February 27, 2017, Sysco fired employee Daniel Kulcsar ("Kulcsar") for using his cell phone while operating a Sysco vehicle. (*Id.* at 2). Kulcsar challenged his termination in

1

accordance with the grievance procedure outlined in Teamster's Collective Bargaining Agreement ("CBA"). (*Id.*). Because no resolution was reached, the dispute was sent to arbitration, as specified by the CBA. (*Id.* at 2, 4). The arbitrator found Sysco had just cause to discipline Kulcsar, but that no just cause existed for Kulcsar's termination. (*Id.* at 14). The arbitrator concluded Sysco should offer Kulcsar the next new-hire position that became available in the warehouse associate classification in the bargaining unit, but stated that Kulcsar would be treated as a new hire with a "seniority date for bidding purposes that matches the date he begins work in that classification." (*Id.*).

Teamsters asks the court to vacate the remedial portion of the Arbitration Decision. (Compl. ¶¶ 11–12). Teamsters alleges the arbitrator exceeded his authority under the CBA, disregarded the terms of the CBA, and impermissibly added to or modified the CBA. (*Id.*).

## STANDARD OF REVIEW

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a

2

motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

In reviewing a motion to dismiss, the court may consider documents attached to the complaint as exhibits. *Goines v. Valley Cmty. Servs., Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")); *Philips v. Pitt Cty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing Fed. R. Civ. P. 10(c)). But Teamsters asks the court to stretch this general mandate beyond its limits. Teamsters' complaint is virtually devoid of factual allegations—the only facts alleged are the existence of a CBA, and a brief discussion of Kulcsar's termination. (Compl. ¶¶ 5–10). The complaint also contains a quoted excerpt from the Arbitration Decision. (*Id.*). It then recites as legal conclusions: "the Arbitrator exceeded the authority granted him under the terms of the CBA; the Arbitrator evidenced a manifest disregard of the terms of the CBA; the remedial aspects of the Decision and Award failed to draw their essence from the CBA; the remedial aspects of the Decision and Award were based on impermissible additions to, subtractions from and/or modifications of the CBA." (*Id.* ¶ 12). Finally, Teamsters attached the

3

CBA and Arbitration Decision to the complaint as exhibits.

While the CBA and Arbitration Decision form the basis for Teamsters' suit, and may augment facts alleged in the complaint, attaching the documents does not absolve Teamsters of the underlying duty to allege specific facts that nudge Teamster's legal claims across the line from possible to plausible. At minimum, a complaint must provide the defendant "fair notice of what the claim is and the grounds upon which it rests." *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Coleman v. Md. Ct. of Apps.*, 626 F.3d 187, 190 (4th Cir. 2010)). Teamsters should at least briefly identify the facts contained in the underlying documents which plausibly support their legal conclusions: e.g., what facts show that the Arbitration Decision "does not draw its essence from the CBA," or what facts demonstrate that the "Arbitrator exceeded the authority granted him under the terms of the CBA." (Compl. ¶ 12).[1]

The court will therefore grant Sysco's motion to dismiss, but Teamsters will be granted leave to amend the complaint. Teamsters will have 28 days to amend the complaint.

A separate Order follows.

1/10/19
Date

Catherine C. Blake
United States District Judge

---

[1] Teamsters allege facts that support their legal conclusions in their response to the motion to dismiss. (Pl.'s Resp. Opp'n Mot. Dismiss at 4, ECF No. 8). But a party may not amend their pleading through briefing. *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013).