FOR THE DISTRICT OF MARYLAND

TEAMSTERS LOCAL No. 355
A/W INTERNATIONAL BROTHERHOOD
OF TEAMSTERS

v.

SYSCO BALTIMORE, LLC

Civil No. CCB-18-1410

## MEMORANDUM

Currently pending before the court is a motion to dismiss filed by defendant Sysco Baltimore, LLC ("Sysco"). For the reasons outlined below, Sysco's motion to dismiss will be granted.

## BACKGROUND

Teamsters, an unincorporated labor organization, represents Sysco employees. (Am. Compl. ¶ 3). Sysco "sells and distributes food and food-related products." (*Id.* ¶ 4). During the spring of 2016, Sysco implemented a Distracted Driving and Electronics Policy (the "Policy"), which prohibited employees from using cell phones while operating company vehicles. (*Id.*, Ex. 2 ["Arbitration Decision"] at 2–4, ECF No. 1-2). In the course of defending the Policy in arbitration, Sysco admitted that the Policy was developed after Sysco and Teamsters negotiated their Collective Bargaining Agreement ("CBA"). (Arbitration Decision at 5). But company employees, including Kulcsar, were required to sign for receipt of the Policy. (*Id.*). And the Policy explicitly stated that the penalty for violation would "be terminat[ion] as permissible under applicable law." (*Id.* at 4).

Before this suit was initiated, Teamsters challenged the Policy as an "unreasonable exercise

of managerial prerogatives that are traditional in labor-management relations and unreasonable under the Management Rights Article of the Agreement." (*Id.*). Article 3 of the CBA, which governs management rights, reads: "Operation of the plant, direction of the workforce and the authority to execute all of the various duties, functions and responsibilities required to manage the business are vested in the [Company], except where modified by this Agreement." (*Id.* (citing CBA at 3)). Teamsters' challenge to the Policy was rejected in arbitral proceedings. (Arbitration Decision at 4 (citing *Teamsters Local 335 and Sysco Baltimore, LLC, (McKee)* FMCS Case No. 170301-53452-1)).[1]

On February 27, 2017, Sysco fired employee Daniel Kulcsar ("Kulcsar") for using his cell phone while operating a Sysco vehicle. (Am. Compl. ¶ 6). Kulcsar challenged his termination in accordance with the grievance procedure outlined in Teamsters' CBA. (*Id.* ¶ 8). Because no resolution was reached, the dispute was sent to arbitration, as specified by the CBA. (*Id.* ¶¶ 8–9). The arbitrator found Sysco had just cause to discipline Kulcsar, but concluded that Sysco lacked just cause to terminate Kulcsar. (*Id.* ¶ 10).[2] The arbitrator concluded Sysco should offer Kulcsar the next new-hire position that became available in the warehouse associate classification in the bargaining unit, but stated that Kulcsar would be treated as a new hire with a "seniority date for bidding purposes that matches the date he begins work in that classification." (*Id.*).

Teamsters asks the court to vacate the remedial portion of the Arbitration Decision, and issue an order reinstating Kulcsar as a Delivery Associate with his original seniority. (*Id.* ¶ 19).

---

[1] In those proceedings, Arbitrator Buchheit concluded that the Policy was "not facially unreasonable" and that it did not "violate nor negate" the CBA, including the CBA's just cause provision. (Arbitration Decision at 4 (citing *Teamsters Local 335 and Sysco Baltimore, LLC, (McKee)* FMCS Case No. 170301-53452-1)).

[2] Specifically, the arbitrator found there was not just cause for termination "given that the legitimate objectives of discipline for his infraction can be satisfied short of absolute discharge." (Arbitration Decision at 14).

2

Teamsters alleges the arbitrator exceeded his authority under the CBA, disregarded the terms of the CBA, and impermissibly added to or modified the CBA. (*Id.* ¶¶ 15–17).

## STANDARD OF REVIEW

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

3

The Fourth Circuit has made clear that "review of a labor-arbitration decision pursuant to a CBA is 'very limited.'" *Brown & Pipkins, LLC v. Service Employees International Union*, 846 F.3d 716, 723 (4th Cir. 2017) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam)).

> Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement. . . . [I]f an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision. It is only when the arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable. When an arbitrator resolves disputes regarding the application of a contract, and no dishonesty is alleged, the arbitrator's improvident, even silly, factfinding does not provide a basis for a reviewing court to refuse to enforce the award.

*Brown & Pipkins*, 846 F.3d at 723–24 (quoting *Major League*, 532 U.S. at 509 (internal citations and quotation marks omitted)).

Teamsters' amended complaint does not clear the Rule 12(b)(6) hurdle. Teamsters argues that the arbitrator exceeded his authority under the CBA by ignoring Section 4 of Article 4 of the CBA, which governs Seniority. But in concluding that Sysco had just cause to discipline, but not to terminate, Kulcsar and doling out discipline that modified Kulcsar's seniority status, the arbitrator was plausibly construing the CBA. There are at least three ways in which the arbitrator might have interpreted the CBA to reach this result. First, Section 4 of Article 4 of the CBA discusses Seniority. (CBA at 6). It sets out a list of prerequisites that might trigger the loss of seniority. (*Id.*). But the plain text of this section does not indicate that the list is exhaustive rather than illustrative; the list does not specify that these are the *only* occurrences that might cause an employee to lose seniority. (*Id.*). The arbitrator might, therefore, have concluded that the list is illustrative, and that the facts of Kulcsar's case independently justified a modification of his

4

seniority. Second, Section 4 of Article 4 notes that "[s]eniority shall be broken and an individual's employment terminated if any of the following occurs." (*Id.*). Because the arbitrator concluded that just cause to terminate Kulcsar did not exist, he may have concluded that this section did not govern Kulcsar's case at all. The arbitrator may then have reasonably crafted his remedy based on the circumstances of Kulcsar's case, without exceeding his authority under the CBA. Third, at least one other provision of the CBA, besides Section 4 of Article 4, discusses circumstances in which an employee's seniority status may be modified. (*See* Article 7, Section 4, CBA at 9). The arbitrator might, therefore, have reasonably concluded that the CBA contemplates modification of employees' seniority status in a variety of circumstances, including the circumstances of Kulcsar's case.

Because there are at least three ways that the arbitrator may have construed the CBA to reach his award, and because the court will not vacate an arbitral award so long as the arbitrator was arguably construing the CBA, Teamsters has not plausibly stated a claim for relief.

## CONCLUSION

For the reasons stated above, Sysco's motion to dismiss will be granted. A separate order follows.

5/29/19
Date

Catherine C. Blake
United States District Judge

5